IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| NICK COTTINI, | ) |
| Plaintiff, | ) ) ) ) |
| vs. | ) Case No. 16-01029-CV-W-ODS ) |
| 24 HOUR FITNESS USA, INC., | ) ) ) |
| Defendant. | ) |

<u>ORDER AND OPINION (1) GRANTING PLAINTIFF'S MOTION TO REMAND,
AND (2) REMANDING THE MATTER TO STATE COURT</u>

Pending is Plaintiff's Motion to Remand. Doc. #15. For the following reasons, Plaintiff's motion is granted, and the matter is remanded to the Circuit Court of Jackson County, Missouri.

## I. BACKGROUND

In July 2016, Nick Cottini, a citizen of Missouri, filed a lawsuit in the Circuit Court of Jackson County, Missouri, against 24 Hour Fitness USA, Inc. ("24 Hour Fitness"), a citizen of California. Doc. #1-1. Cottini alleges (1) 24 Hour Fitness violated the Missouri Merchandising Practices Act by failing to place money deducted from Plaintiff's paycheck into a heath saving account, and (2) 24 Hour Fitness breached the employment contract it had with Plaintiff. *Id.* Cottini seeks actual damages, back pay, front pay, punitive damages, and attorneys' fees. *Id.* 24 Hour Fitness timely removed the matter to this Court, claiming diversity jurisdiction. Doc. #1. Plaintiff seeks to remand the matter, arguing the amount in controversy does not exceed $75,000. Doc. #15. Neither party disputes citizenship.

## II. DISCUSSION

The party invoking federal jurisdiction bears the burden of demonstrating it exists. *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009). Thus, 24 Hour Fitness bear the

burden in this case. Factual matters such as the amount in controversy must be established by the preponderance of the evidence. *Id.*; *see also In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620-21 (8th Cir. 2010).

When removal is based on diversity jurisdiction, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy" unless "the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded." 28 U.S.C. § 1446(c)(2)(A). In that case, "the notice of removal may assert the amount in controversy." *Id.* Missouri does not permit the plaintiff to demand a specific sum. Consequently, the Court looks to the Notice of Removal to determine the amount in controversy. *Id.* In so doing, the Court must keep in mind that the defendant's burden is a pleading requirement and not a demand for proof. *Raksas v. Johnson & Johnson*, 719 F.3d 884, 888 (8th Cir. 2013). Ultimately, the Court must "resolve all doubts about federal jurisdiction in favor of remand." *In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993) (citation omitted).

The Notice of Removal states the amount in controversy was satisfied "because Plaintiff is asserting damages in excess of $50,000 and is alleging that his claim falls within the Missouri Merchandising Practice[s] Act which allows for the recovery of attorneys' fees and punitive damages…as well as numerous other pecuniary damages." Doc. #1, at 2. Contrary to 24 Hour Fitness's representation, Plaintiff did not request damages in excess of $50,000. Doc. #1-1. Plaintiff did not request any specific amount of damages. *Id.* And in support of his motion to remand, Plaintiff provided an affidavit stating his "total damages do not exceed, nor do I expect them to exceed, $75,000." Doc. #16-1. While Plaintiff is seeking several different types of damages, the Court is not satisfied the amount in controversy has been established by the preponderance of the evidence based upon the limited information provided by 24 Hour Fitness in its Notice of Removal. Accordingly, the Court does not have jurisdiction over this matter, and it must be remanded.

## III. CONCLUSION

For the above reasons, the Court remands this action to the Circuit Court of Jackson County, Missouri for further proceedings. The Court declines to award Plaintiff attorney's fees incurred as a result of his motion to remand.

IT IS SO ORDERED.

DATE: November 18, 2016

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT